IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HORACE LYNN JENKINS,

    Plaintiff,

vs.

DEPARTMENT OF VETERAN'S AFFAIRS,

    Defendant.

No. CIV S-09-1213 JAM DAD PS

FINDINGS AND RECOMMENDATIONS

/

    Plaintiff, proceeding pro se, commenced this action by filing a complaint and paying the required filing fee on May 4, 2009. The Clerk of the Court issued a summons on May 6, 2009. The proceeding has been referred to the undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

    Plaintiff's pleading is titled "Complaint for Benefits." The complaint does not contain a statement of the grounds for this court's jurisdiction,[1] and the attached civil cover sheet indicates erroneously that the suit concerns disability benefits pursuant to Title XVI of the Social Security Act. Plaintiff alleges that he is a veteran of the United States military, has been disabled since 1992, filed a claim for disability benefits in January 1996, was awarded disability benefits

---

[1] A complaint is required to contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).

1

and back pay from August 2003, has filed numerous appeals concerning additional benefits and back pay from January 1996 to July 2003, and has also appealed the Department of Veterans Affairs' determination that some of his disabilities are only partial. Plaintiff seeks formal review of his benefits and prays for an order reopening his claim, making his disability date retroactive to January 1996, and granting disability benefits retroactive to January 1996.

Plaintiff's claims arise under the laws administered by the Department of Veterans Affairs. 38 U.S.C. 301, *et seq*. The Veterans' Judicial Review Act of 1988 provides the exclusive means for appealing benefit decisions made by the Department of Veterans Affairs. The claimant must first appeal to the Board of Veterans' Appeals. 38 U.S.C. § 7104(a). An adverse decision by the Board may be appealed to the Court of Appeals for Veterans Claims. 38 U.S.C. § 7252(a) ("The Court of Appeals for Veterans Claims shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals."). In the limited circumstances specified by statute, the claimant may seek review by the United States Court of Appeals for the Federal Circuit. 38 U.S.C. § 7292. Federal district courts are not included in the congressional scheme for judicial review of veterans' benefit determinations.

A federal district court may dismiss an action sua sponte if jurisdiction is lacking. Fiedler v. Clark, 714 F.2d 77, 78 (9th Cir. 1983). See Bell v. Hood, 327 U.S. 678, 682-83 (1946) (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of jurisdiction ); Hagans v. Lavine, 415 U.S. 528, 543 (1974) (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court"). A district court may also dismiss an action sua sponte under Federal Rule of Civil Procedure 12(b)(6) where the plaintiff cannot possibly win relief in the district court. See Omar v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987). "A paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction . . . and may be

1  dismissed sua sponte before service of process." Franklin v. Murphy, 745 F.2d 1221, 1227 n.6
2  (9th Cir. 1984).
3       Accordingly, IT IS RECOMMENDED that this action be dismissed without
4  prejudice to permit plaintiff to pursue any remaining remedies he may have under the exclusive
5  review procedures provided by the Veterans' Judicial Review Act.
6       These findings and recommendations will be submitted to the United States
7  District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within
8  twenty (20) days after being served with these findings and recommendations, plaintiff may file
9  written objections with the court.  A document containing objections should be titled "Objections
10 to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file
11 objections within the specified time may waive the right to appeal the District Court's order.  See
12 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
13 DATED: June 18, 2009.

                                                       DALE A. DROZD  
                                                       UNITED STATES MAGISTRATE JUDGE

DAD:kw  
Ddad1\orders.prose\jenkins1213.f&r.dism